UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

ANDREA DEMPS,
    Plaintiff,
v.                                    CASE NO:_____

SECRETARY FOR THE DEPARTMENT
OF VETERANS AFFAIRS,
    Defendant.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

The Plaintiff complains herein against the Department of Veterans Affairs for subjecting her to an unlawful Retaliatory Hostile Work Environment. The Plaintiff seeks all permissible compensation that is available under the law.

### JURISDICTION

1. This Court has subject matter jurisdiction over this action pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq., and 28 U.S.C. § 1331 (federal question jurisdiction).

2. Plaintiff has satisfied all administrative prerequisites to filing this lawsuit, having filed a timely EEO complaint and received a final agency decision from the Equal Employment Opportunity Commission.

### VENUE

3. Venue is proper in this Middle District pursuant to 28 U.S.C. § 1391 because the events giving rise to this complaint occurred in Gainesville, Florida, within this judicial district.

### PARTIES

4. Plaintiff Andrea Demps is an individual who, at all times relevant to this complaint, was employed by Defendant as a Medical Instruments Technician at the North Florida/South Georgia Veterans Health System in Gainesville, Florida.

5. Defendant Secretary for the Department of Veterans Affairs is the head of a federal agency and is sued in his official capacity as the appropriate defendant under Title VII for employment discrimination claims against the Department of Veterans Affairs.

## Factual Allegations

6. On October 11, 2022, Plaintiff filed a formal EEO complaint alleging that Defendant subjected her to a hostile work environment based on her race (African American) and in reprisal for prior protected EEO activity.

7. Plaintiff's complaint included multiple incidents of retaliatory conduct that occurred after she engaged in protected EEO activity, demonstrating a pattern of retaliation designed to discourage her from pursuing her rights under Title VII.

8. On June 16, 2022, a coworker deliberately cut up Plaintiff's poseys (Velcro devices used to keep wires and tubes out of the way during sleep studies) and prevented her from providing patient care.

9. On June 17, 2022, Plaintiff's first-line supervisor jumped out of his seat and stated threateningly, "it's only a matter of time before [the Assistant Respiratory Chief] and him have [Complainant's] job.".

10. On July 29, 2022, Plaintiff walked in on the coworker and the Assistant Respiratory Chief in the room half naked creating an uncomfortable and inappropriate work environment.

11. On August 18, 2022, when Plaintiff reported the inappropriate conduct and favoritism involving the coworker and Assistant Respiratory Chief to the Respiratory Chief, he

provided no resolution to Plaintiff's legitimate concerns about conduct unbecoming of federal employees.

12. On September 14, 2022, the Assistant Respiratory Chief made disparaging comments to Plaintiff, stating that she had heard Plaintiff said something degrading.

13. On September 20, 2022, the Assistant Respiratory Chief retaliated against Plaintiff by instructing her to do a job outside of her job description, attempting to create grounds for disciplinary action.

14. On September 23, 2022, management requested that Plaintiff provide an account of events from September 8, 2022, as part of the continuing pattern of scrutiny and harassment.

15. The retaliatory conduct culminated on November 21, 2022, when Richard Schofield, Chief Medical Specialties Service, issued Plaintiff a proposed removal, representing the most severe form of adverse employment action.

16. These incidents, viewed collectively, created a work environment that was sufficiently hostile and intimidating to discourage a reasonable employee from engaging in protected EEO activity.

17. Defendant's conduct was motivated by Plaintiff's prior protected EEO activity and was designed to retaliate against her for opposing discriminatory practices and filing EEO complaints.

18. As a direct and proximate result of Defendant's retaliatory conduct, Plaintiff suffered significant emotional distress, psychological harm, damage to her professional reputation, and other compensable injuries.

### **COUNT I: RETALIATORY HOSTILE WORK ENVIRONMENT**

19. Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein.

20. Title VII prohibits employers from retaliating against employees who engage in protected activity by creating or tolerating a hostile work environment. <u>Tonkyro v. Sec'y, VA, 995 F.3d 828</u>.

21. To establish a retaliatory hostile work environment claim, Plaintiff must demonstrate that she engaged in protected activity under Title VII, that Defendant created or tolerated a work environment in retaliation for that protected activity, and that the environment was sufficiently severe or pervasive to alter the terms and conditions of employment. <u>Buckley v. Sec'y of the Army, 97 F.4th 784</u>.

22. Plaintiff engaged in protected activity under Title VII by filing prior EEO complaints and opposing discriminatory practices within Defendant's organization on different occasions.

23. The protection afforded by Title VII extends to employees who informally voice complaints to their superiors or use their employers' internal grievance procedures, and shields employees from retaliation regardless of the merit of their complaints so long as they demonstrate a good faith, reasonable belief that the challenged practices violate Title VII. <u>Rollins v. Florida Dep't of Law Enforcement, 868 F.2d 397</u>.

24. Following Plaintiff's protected activity, Defendant, through its agents and employees, created and tolerated a retaliatory work environment that included deliberate sabotage of her work materials, threats to her job security, inappropriate workplace conduct, failure to address legitimate complaints, assignment of work outside her job description, and ultimately proposing her removal from employment. The cumulative effect of Defendant's retaliatory conduct created a work environment that well might have

dissuaded a reasonable worker in Plaintiff's position from making or supporting charges of discrimination, thereby violating Title VII's anti-retaliation provisions.

25. The temporal proximity between Plaintiff's protected EEO activity and the escalating pattern of retaliatory conduct establishes the requisite causal connection between her protected activity and the adverse treatment she experienced.

29. As a direct and proximate result of Defendant's unlawful retaliatory conduct, Plaintiff has suffered and continues to suffer damages including but not limited to emotional distress, psychological harm, loss of wages and benefits, damage to her professional reputation, and other compensable injuries.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that this Honorable Court:

1. Enter judgment in favor of Plaintiff and against Defendant on Count I;
2. Award Plaintiff compensatory damages for emotional and psychological harm;
3. Award Plaintiff lost wages and benefits;
4. Award Plaintiff reasonable attorney's fees and costs pursuant to Award Plaintiff damages for loss of enjoyment of life;
5. Grant such other equitable relief as this Court deems just and proper; and
6. Grant a trial by jury on all issues so triable.

Respectfully submitted,

/s/ Jerry Girley
Jerry Girley, Esq.
Florida Bar No. 35771
117 E. Marks Street, Suite A
Orlando, FL 32803
Phone: (407) 540-9866
Email: phyllis@thegirleylawfirm.com
Attorney for Plaintiff